IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EMMA TIRADO<br><br>*Plaintiff*<br><br>Vs.<br><br>MIGUEL MÉNDEZ PÉREZ as Mayor of the Municipal Government of Isabela, in his personal and official capacity, **THE MUNICIPAL GOVERNMENT OF ISABELA**, through its Mayor Miguel Méndez-Pérez | Civil Case: |

### COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiff Emma Tirado through the undersigned attorney, and respectfully alleges and prays:

### Jurisdiction of this Honorable Court

1. The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections 1983; and Pendant Jurisdiction pursuant to 28 U.S.C. 1367 and Sec. 1, 4, 6.

### Type of Proceedings

2. Plaintiff claim is twofold; first she pray for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants in their official capacity be enjoined from discriminating against plaintiff in violation of the cited Federal Laws and to be reinstated in the position that she held as an employee of the Municipal Government of Isabela before she was illegally dismissed.

1

3. It is also a suit for compensatory damages arising from the violation of her federally protected rights since defendants under color of state law deprived plaintiff of her rights, privileges and immunities secured by the United States Constitution and as such defendants in their personal capacity are liable to plaintiff.

4. The facts hereinafter alleged in this Complaint constitute violations of plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

### State Remedies Invoked Under Pendent Jurisdiction

5. The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law 382 of 1959, 29 L.P.R.A 136-138, and Article 1536 of the Civil Code of Puerto Rico.

6. Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

7. Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

### Claims for Relief

8. At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

9. The transfer, demotion, dismissal or non- renewal of employment contract as a transitory employee of a Municipal Government employee, if is done without cause and the employee is affiliated to a political party different from the one of the nominating

authority or supported a different candidate for mayor other than defendant Miguel Méndez-Pérez, a presumption is establish that said transfer, demotion, dismissal or non-renewal of plaintiff employment contract, as a transitory employee was politically motivated.

10. Plaintiff worked as a transitory employee of the Municipal Government of Isabela with a salary of $1,323.00 a month.

11. The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

12. The acts of the defendants were done deliberately; knowing that it is unlawful with the bad faith knowledge that they were violating plaintiff federally secured rights.

13. Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

14. Plaintiff is entitled to damages for violation of her Constitutional Protected Rights plus damages for her actual losses, for her pain, suffering, anguish and humiliation. Plaintiff is also entitled to Punitive Damages for defendants extraordinary misconduct, reckless and callous disregard to plaintiff Constitutional Protected Rights and to serve as an example or warning to others not to engage in such conduct.

15. Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

16. Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4, plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this

complaint.

17. Defendants, and each of them, have been obstinate in fomenting this litigation.

18. Plaintiff Emma Tirado is a citizen of the United States of America and of the Commonwealth of Puerto Rico, is of legal age, resident of the City of Isabela, Puerto Rico and an active member of the Popular Democratic Party.

19. The City of Isabela is a political organization which judicial personality that can sue and be sued on its own and it's legally represented by mayor Miguel Méndez-Pérez.

20. Defendant Miguel Méndez-Pérez is a citizen of the United States of America and the Commonwealth of Puerto Rico, is of legal age and a resident of the City of Isabela, Puerto Rico. Defendant Méndez-Pérez, is the mayor of the City of Isabela and as such the nominating authority of all the Municipal Government Employees. Defendant Méndez-Pérez is also the President of the Popular Democratic Party in Isabela.

21. The present action is directed to all named defendants, in their official capacity as to the injunctive relief as an equitable remedy pursuant to Rule 65 of the Federal Rules of Civil Procedure and in their personal capacity as individuals as to compensatory damages arising from the violation of plaintiff federally and state rights as alleged in this complaint.

22. The action of defendant Miguel Méndez-Pérez in illegally dismissing and or not renewing plaintiff Emma Tirado working contract as a transitory employee, became the official policy of the City of Isabela, reason for which the City of Isabela is liable to plaintiff.

23. Plaintiff Emma Tirado began to work for the Municipal Government of Isabela on July 1, 2008, as Office Systems Administrator II, in the office of Interim Audits. Plaintiff worked in that office until January 31, 2009.

24. On February 1, 2009, plaintiff went to work in the Administration Office as Confidential Office System Administrator I, until March 17, 2013.

25. Later, on March 18, 2013, she was assigned to the position of Mayor Special Assistant, working directly with the Municipal Administration, plaintiff tenure in that department continued until August 30, 2020.

26. During her tenure as the Mayor Special Assistant, plaintiff was part of various committees, including being President of the Proposal Evaluation Committee, she was a member of the Rapid Response Team in suicide situations and she was also the authorized representative to sign purchase orders in the absence of CPA Marisol Rosa-Acevedo, Municipal Administrator.

27. It was well known that plaintiff Tirado supported, in the previous elections, former mayor of Isabela, Carlos Delgado Irizarry. When former mayor Delgado-Irizarry resigned disagreements over the election of Delgado-Irizarry substitute emerged, in which the son of former Mayor, Carlos Delgado Irizarry and defendant Miguel Méndez-Pérez ran to be the substitute of Carlos Delgado Irizarry.

28. Plaintiff Tirado supported the son of former Mayor Carlos Delgado-Irizarry. This internal election was won by defendant Miguel Méndez-Pérez.

29. Plaintiff Tirado was transferred to the Office of Finance of the Municipal Government of Isabela, as Auxiliary Payer starting on September 2020, as a transitory employee.

30. In the general elections of November 2020, defendant Méndez became the Mayor of the Municipal Government of Isabela. Plaintiff Tirado voted for the whole ticket of the Popular Democratic Party.

31. After Mayor Méndez took office, plaintiff Tirado was transferred, on February 1, 2021, to the Department of Public Works of the Municipality of Isabela, without reason.

32. Before the elections of 2024, Plaintiff Tirado was summoned to the Office of Human Resources for an alleged complaint that someone told the mayor Miguel Méndez-Pérez that plaintiff was actively supporting for mayor of Isabela, Mrs. Wanda Maldonado Vega, who was running under the Dignity Project Party (Proyecto Dignidad).

33. In the elections of 2024, plaintiff voted for all the candidates of the Popular Democratic Party with the exception of Wanda Maldonado Vega, which she voted for, as a candidate for Mayor of the party Dignity Project.

34. The elections of 2024 in the Municipal ballot in Isabela, were won by the Popular Democratic Party and Mayor Miguel Méndez Pérez was re-elected as Mayor of the Municipal Government of Isabela.

35. On February 14, 2025, defendant, Mayor Miguel Méndez-Pérez, sent a letter to plaintiff Tirado in which informed her that her transitory contract expired on January 31, 2025 and that the same was not going to be renewed.

36. Plaintiff Tirado went to the mayor's office to inquire why her contract had not been renewed and that the reasons given for said actions were pretextual and the mayor informed her that he didn't considered her any more a member of the Popular Democratic Party and that she had to ask Wanda Maldonado Vega for a job.

## Absence of Good Faith

37. The Branti v. Finkel, (445 U.S. 507), doctrine was well rooted.

38. Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not dismiss or deny to renew plaintiff employment contract as a transitory employee, for the sole reason of her political preferences.

39. Their acts show defendants did not act in good faith and actual damages and punitive damages should be imposed on defendants jointly and severally.

### First Cause of Action

40. Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 39, with the same force and effect as if set forth at length herein.

41. The damages caused to plaintiff by defendant's, in violation of her Federally Protected Rights, constitutes an unlawful employment practice prohibited by Federal Law. Her damages are reasonably estimated in the amount of $1,000,000.00.

### Second Cause of Action

42. Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 39, with the same force and effect as if set forth at length herein.

43. The only reason why plaintiff was illegally dismissed or her contract, as a transitory employee, of the Municipal Government of Isabela, was not renewed was for the exercise of her right to free association. Political discrimination has been recognized by this Court as a violation of the Rights guaranteed by the Constitution of the United States and the Constitution and laws of Puerto Rico. A violation of a Constitutional Right even for a minimal period of time constitutes an irreparable injury. These damages are reasonable estimated in the amount of $1,000,000.00.

### Third Cause of Action

44. Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 39, with the same force and effect as if set forth at

length herein.

45. As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

46. The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00 These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering any and all of them jointly and severally responsible to the plaintiff for any award granted for her damages.

47. Plaintiff is entitled to a finding that the defendants acted knowingly, intentionally, in bad faith and gross negligence to deprive plaintiff of her federally secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

## Fifth Cause of Action

48. Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 39, with the same force and effect as if set forth at length herein.

49. Pursuant to Federal Rules of Civil Procedure number 65, plaintiff requests that an Order be issued granting a preliminary and permanent injuction against defendant's in their official capacity prohibiting defendants from discriminating against plaintiff, reinstating her to the position she held before she was illegally dismiss or her contract, as a transitory employee, of the Municipal Government of Isabela, was not renewed and that they be enjoined from discriminating against her in violation of the cited Federal and State Constitutional Laws.

## Trial By Jury

50. A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays from this Honorable Court to:

a. Assume Jurisdiction of this action;

b. Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants in their official capacity, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants in their official capacity, and each of them, or their agents and successors to reinstate plaintiff, to the position she held at the Municipal Government of Isabela before she was illegally dismiss or her employment contract, as a transitory employee, was not renewed.

d. Grant plaintiff damages and punitive damages.

e. Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f. Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g. Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 28 th day of January of 2026.

*S/Israel Roldán-González*
ISRAEL ROLDAN-GONZALEZ
USDC-PR No. 115602
35 Progreso
Aguadilla, P.R. 00603
Tel. 891-1359
irg@roldanlawpr.com